IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STRIGARI,<br><br>    Plaintiff,<br><br>    vs.<br><br>OFFICER HEALY,<br><br>    Defendant. | 1:06-CV-00475-OWW-DLB-P<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |

    On May 10, 2006, the court issued an order for plaintiff to submit a new application to proceed in forma pauperis and a certified copy of his prison trust account statement, or in the alternative, to pay the $250.00 filing fee for this action, within thirty days of the date of service of the order. The thirty day period has now expired, and plaintiff has not paid the filing fee, submitted the required documents, or otherwise responded to the court's order.

    Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

1  of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the
2  court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
3  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The
4  court's order requiring plaintiff to submit a new application to proceed in forma pauperis and a
5  certified copy of his prison trust account statement, or in the alternative, to pay the $250.00 filing
6  fee for this action, expressly stated: "Failure to comply with this order will result in a
7  recommendation that this action be dismissed."  Thus, plaintiff had adequate warning that
8  dismissal would result from his noncompliance with the court's order.

9        Accordingly, the court HEREBY RECOMMENDS that this action be dismissed
10  based on plaintiff's failure to obey the court's order of May 10, 2006.

11        These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
13  thirty days after being served with these findings and recommendations, plaintiff may file written
14  objections with the court.  Such a document should be captioned "Objections to Magistrate
15  Judge's Findings and Recommendations."  The parties are  is advised that failure to file
16  objections within the specified time may waive the right to appeal the District Court's order.
17  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18      IT IS SO ORDERED.

19      **Dated:   June 29, 2006**          **/s/ Dennis L. Beck**
   3c0hj8                                   UNITED STATES MAGISTRATE JUDGE